THURMAN A. TODD v. FOREST CITY ENTERPRISES, INC. AND ANOTHER.

219 N. W. 2d 639.

June 14, 1974—No. 44443.

*Simon, Schneider & Marker, Ralph S. Schneider,* and *Ronald L. Simon,* for appellants.

*Barna, Guzy, Hynes, Giancola & Jensen* and *Robert C. Hynes,* for respondent.

PER CURIAM.

Plaintiff, Thurman A. Todd, brought this action for damages resulting from an assault upon him by Lester Pixler, an employee of defendants. At the close of the testimony, the trial court granted a motion directing a verdict in favor of defendants on the issue of their negligence in hiring and retaining the employee. The case was submitted to the jury on the sole issue of respondeat superior. The jury found in favor of plaintiff. This is an appeal from the order denying defendants' motion for a new trial or judgment notwithstanding the verdict.

Plaintiff was a tenant in an apartment complex owned and managed by defendants. At the time of the assault Pixler was employed by defendants as a custodian. Pixler's primary duty was to act as general cleanup man in the apartment building in which he lived. His duties entailed keeping the floors and elevators cleaned and maintained, bringing the rubbish to the incinerators, and helping other employees in their work. William R. McFarland, the general manager of the complex, testified that Pixler, together with all employees, had the duty to "keep the peace" in the apartment complex.

On the day of the incident, May 9, 1968, Pixler was on duty. Pixler came to the manager's office in the afternoon to report a fight between two boys. The manager told him to return to his work and to let the mothers of the children handle the matter. The manager further testified that every employee was to keep peace in the apartment complex, and that by keeping the peace he meant not to "intervene in disputes between tenants" but "to keep the children from fighting among themselves, ask them to quit and keep your eyes on them and watch them also so they don't destroy the buildings."

On the day of the assault, plaintiff arrived at his apartment about 5:30 p. m. and found there Pixler, plaintiff's wife, plaintiff's 15-year-old son, and two other children. An argument based on Pixler's claim that plaintiff's son had hit another boy was in process between Mrs. Todd and Pixler. Pixler insisted that plaintiff discipline his son. At the insistence of Pixler, the group walked about three blocks to a public park where the altercation between the boys allegedly occurred. Here again, Pixler demanded that plaintiff discipline his son. In the interim, the mothers of the two boys settled the dispute. Plaintiff then suggested that they return to see the manager of the complex. Pixler did not want to do this and continued arguing whereupon plaintiff turned his back and walked away. Plaintiff testified: "The next thing I knew I was laying on the ground. Pixler had kicked my feet out from under me and clobbered

me on the side of the head." Plaintiff then got up, slapped Pixler on the side of the face, and told Pixler that if he wanted to fight, to do it face to face. Plaintiff again suggested that they go see the manager of the building and started to walk away. At that point, Pixler again grabbed plaintiff from behind and threw him to the ground causing a fracture of his clavicle. Pixler was "livid with rage" while attacking plaintiff.

Defendants, relying on Plotkin v. Northland Transportation Co. 204 Minn. 422, 283 N. W. 758 (1939); and Porter v. Grennan Bakeries, Inc. 219 Minn. 14, 16 N. W. 2d 906 (1944), primarily contend on this appeal that as a matter of law Pixler was outside the scope of his employment at the time of the assault and that the instructions of the court to the jury were erroneous. This case was tried in April of 1973 and briefed by defendants prior to the release of this court's opinion in Lange v. National Biscuit Co. 297 Minn. 399, 211 N. W. 2d 783 (1973). In that case, we concluded:

"* * * [A]n employer is liable for an assault by his employee when the source of the attack is related to the duties of the employee and the assault occurs within work-related limits of time and place." 297 Minn. 404, 211 N. W. 2d 786.

In the present case, the place and time of the assault are not serious factors for consideration. The argument that led to the assault originated on the premises and continued to the site of the occurrence. Likewise, the initial argument concerned matters which the employee considered as part of his work duties. Whether the employee was acting within the scope of his employment at the time of the assault presented a fact issue for the jury under the law as interpreted at the time of trial. Pursuant to the holding in Lange, there would be no question the facts would warrant at least the submission of the issue to the jury.

Defendants also contend the instructions were erroneous and the case should have been submitted in accordance with their proposed instructions which would not have included forseeability as a consideration for the jury. The court instructed the jury as provided in Minnesota Jury Instruction Guides, Instruction 252, which set forth the law applicable at that time. The giving of this instruction was not prejudicial to defendants since it placed a greater burden of proof on plaintiff than that now called for by Lange. In Lange, this court rejected "as the basis for imposing liability the arbitrary determination of when, and at what point, the argument and assault leave the sphere of the employer's business and become motivated by personal animosity. Rather, we believe the better approach is to view both the argument and assault as an in-

distinguishable event for purposes of vicarious liability." 297 Minn. 403, 211 N. W. 2d 785.

Other assignments of error have been considered and determined to be without merit. Accordingly, we affirm.

Affirmed.